UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 15-2544(DSD/JJK)

Jerry Vang,

        Petitioner,

v.                                                        **ORDER**

Steve Hammer,

        Respondent.

    Charles F. Clippert, Esq. and Clippert Law Firm, 101 East 5th Street, Suite 1500, St. Paul, MN 55101, counsel for petitioner.

    Matthew Frank, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101 and Peter R. Marker, Ramsey County Attorney's Office, 345 Wabasha Street N.,Suite 120, St. Paul, MN 55102, counsel for respondent.

This matter is before the court upon the objection by petitioner Jerry Vang to the March 24, 2016, report and recommendation (R&R) of Magistrate Judge Jeffrey J. Keyes. In the R&R, the magistrate judge recommends that Vang's 28 U.S.C. § 2254 petition for a writ of habeas corpus be denied and that this action be dismissed with prejudice. Vang timely objected to the R&R.

    The background of this matter is fully set out in the R&R and the court will not repeat it here. The court reviews the R&R de novo. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b). After a thorough review of the file and record, the court finds that the R&R is well reasoned and correctly disposes of the petition.

Vang raises several objections to the R&R. Vang first argues that the R&R incorrectly determined that he procedurally defaulted on his due process claim under the Fourteenth Amendment because he first raised the argument in his reply brief on appeal to the Minnesota Supreme Court. For the reasons stated in the R&R, the court agrees that a procedural default occurred.[1] The court also finds that the R&R correctly explains why the claim would fail if considered on the merits. Vang next argues that the R&R improperly rejected his ineffective assistance of counsel claim based on his trial counsel's advice to proceed to trial based on a self-defense theory. The court disagrees. Although a close call, as the Minnesota Supreme Court noted on appeal, trial counsel's advice was not objectively unreasonable, as required by Strickland v. Washington, 466 U.S. 668, 694 (1984). Vang's objections to the recommended dismissal of his Eighth Amendment claim are likewise unpersuasive.

**III. Certificate of Appealability**

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional

---

[1] The court also agrees that there was a procedural default of Vang's claim under the Thirteenth Amendment because he never raised the issue on appeal.

claims "debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).  As discussed, the court is firmly convinced that Vang's claim is baseless, and that reasonable jurists could not differ on the results given the nature of defendant's arguments.  A certificate of appealability is not warranted.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.   Petitioner's objections [ECF No. 13] to the magistrate judge's report and recommendation are overruled;

2.   The magistrate judge's report and recommendation [ECF No. 12] is adopted in its entirety;

3.   The petition for writ of habeas corpus [ECF No. 1] is denied;

4.   This action is dismissed with prejudice; and

5.   Pursuant to 28 U.S.C. § 2253(c)(1)(A), the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 6, 2016.

                                                       s/David S. Doty
                                                       David S. Doty, Judge
                                                       United States District Court